## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| R. DEAN CHASE, | ) | |
| | ) | Case. No. _____ |
| Plaintiff, | ) | |
| | ) | COMPLAINT AND |
| v. | ) | JURY DEMAND |
| | ) | |
| AUTO-OWNERS INSURANCE | ) | |
| COMPANY, CRAIG FUGATE, | ) | |
| Administrator of the FEDERAL | ) | |
| EMERGENCY MANAGEMENT | ) | |
| AGENCY, and the UNITED STATES | ) | |
| OF AMERICA, | ) | |
| | ) | |
| Defendants. | ) | |

COMES NOW, Plaintiff, R. Dean Chase ("Plaintiff"), by and through his attorneys, and for his causes of action against Defendants, Auto-Owners Insurance Company ("Auto-Owners"), Craig Fugate ("Fugate"), Administrator of the Federal Emergency Management Agency ("FEMA"), and the United States of America (the "United States"), states and alleges as follows:

1.    Plaintiff is a resident of Tekamah, Burt County, Nebraska, and at all times material was living in and owned the property located at 1250 County Road 45 in Tekamah, Nebraska (the "Property").

2.    The jurisdiction of this Court is invoked pursuant to both 28 U.S.C. § 1331 and 42 U.S.C. § 4053.

3.    Defendant, Auto-Owners, is a Michigan corporation in the business of selling and issuing policies of flood insurance in the State of Nebraska.

4.    Defendant, Craig Fugate, is the Administrator of the Federal Emergency Management Agency, a federal agency of the United States directly issuing and providing flood

insurance through the National Flood Insurance Program in the State of Nebraska. At all pertinent times, FEMA provided flood coverage to Plaintiff through the National Flood Insurance Program for the Property. At all times relevant, Fugate acted in an official capacity and under cover of legal authority when, by or through his subordinates and employees, he abused his discretion and failed to properly follow United States statutes and regulations.

5.      That on or about May 27, 2011, Plaintiff purchased from Auto-Owners an insurance policy (Policy Number 4101018622) (the "Policy") which provided coverage for damages suffered by Plaintiff to the Property in accordance with the terms of the Policy.

6.      That all times material, the Policy was in full force and effect and provided for damages resulting from a flood with limits of $90,000 for damage to the Property.

7.      That Plaintiff timely paid in full all premiums associated with the Policy and otherwise complied with all terms and conditions of the Policy.

8.      That on or about July 22, 2011, the Missouri River flooded.

9.      That the flooding from the Missouri River damaged the Property, including Plaintiff's home, so as to require significant repairs to the Property and Plaintiff's home.

10.     That, subsequent to the flooding, Plaintiff notified Auto-Owners of the incident, made a claim for his loss, fully cooperated in furthering a claim for his loss, and otherwise fulfilled all obligations required of him under the Policy.

11.     That due demand was made by Plaintiff on Auto-Owners for damages in the amount of $26,000.

12.     That on August 18, 2011, Auto-Owners initially rejected Plaintiff's demand on the basis that the damage to the Property was caused by a flood already in progress when the Policy began on June 26, 2011.

2

13.     That on or about September 9, 2011, Plaintiff filed an appeal of Auto-Owners' denial of his flood insurance claim with the United States, specifically Fugate and FEMA.

14.     That on or about November 16, 2011, Fugate and FEMA initially rejected Plaintiff's appeal on the basis that the Property was flooded by the Missouri River which was already in progress when the Policy term began.

15.     That, subsequent to Fugate and FEMA's November 16, 2011 action, the President of the United States of America signed into law the Biggert-Waters Flood Insurance Reform Act of 2012 ("Reform Act").

16.     That the Reform Act provides that "eligible coverage" under contracts for flood insurance under the National Flood Insurance Program includes insurance coverage that was purchased or made during the period beginning May 1, 2011 and ending on June 6, 2011 for properties damaged by the flooding of the Missouri River.

17.     That, on or about July 7, 2012, Plaintiff's claim was re-opened by Fugate and FEMA as a result of a Congressional Inquiry.

18.     That the Congressional Inquiry focused on whether the United States, Fugate, and FEMA followed Section 227(b) of the Reform Act, among other applicable laws and regulations.

19.     That the United States, Fugate, and FEMA failed to follow Section 227(b) of the Reform Act, among other laws and regulations.

20.     That, subsequent to the Congressional Inquiry, Auto-Owners rescinded its initial rejection, investigated, and re-evaluated Plaintiff's claim.

21.     That, on October 2, 2013, Auto-Owners formally and finally denied Plaintiff's claim by issuing a formal rejection letter.

3

22.     Subsequent to Auto-Owners' denial on October 2, 2013, Plaintiff hired counsel to protect his personal interests and pursue the claim on his behalf.

23.     That Auto-Owners' failure to pay Plaintiff adequately for the damage done to his home by flood constitutes a breach of the Policy.

24.     That Auto-Owners failed to uphold their duty of good faith and fair dealing, and acted in bad faith in denying Plaintiff's claim.

25.     That this Court should declare that Auto-Owners is obligated to pay Plaintiff's claim loss and damages.

26.     That this Court should declare that United States, Fugate, and FEMA is obligated to pay Plaintiff's claim loss and damages.

27.     As a proximate result of said breach, Plaintiff has suffered damages in the amount of approximately $26,000, plus attorneys' fees and costs.

WHEREFORE, Plaintiff prays that this Court declare that Auto-Owners, Fugate, and the United States are obligated to pay Plaintiff's claim loss and damages, and for judgment in his favor on this cause of action in the amount of $26,000, plus attorneys' fees, interest, and costs of this action, together with such other and further relief as the Court may deem just and proper.

DATED this _____ day of April, 2014.

**PLAINTIFF DEMANDS A TRIAL BY JURY AT LINCOLN, NEBRASKA.**

By: DEAN CHASE, Plaintiff

By: _____
R.J. Shortridge (NE Bar #20784)
Justin Knight (NE Bar #25267)
PERRY, GUTHERY, HAASE
& GESSFORD, P.C., L.L.O.
233 South 13th Street, Suite 1400
Lincoln, Nebraska 68508
Telephone: (402) 476-9200
Fax: (402) 476-0094
Email: rshortridge@perrylawfirm.com
Email: jknight@perrylawfirm.com

## PRAECIPE

TO THE CLERK OF SAID COURT:

Please issue summons in the above-captioned matter and deliver to the undersigned for service upon the Defendants, Federal Emergency Management Agency, Auto-Owners Insurance Company, and the United States of America, by certified, restricted United States mail, postage prepaid, along with a copy of Plaintiff's Complaint.

By: DEAN CHASE, Plaintiff

By: _____
R.J. Shortridge (NE Bar #20784)
Justin Knight (NE Bar #25267)
PERRY, GUTHERY, HAASE
& GESSFORD, P.C., L.L.O.
233 South 13th Street, Suite 1400
Lincoln, Nebraska 68508
Telephone: (402) 476-9200
Fax: (402) 476-0094
Email: rshortridge@perrylawfirm.com
Email: jknight@perrylawfirm.com

5

**DEFENDANTS MAY BE SERVED:**

Federal Emergency Management Agency
Craig Fugate, Administrator
500 C Street S.W.
Washington, D.C. 20472

Auto-Owners Insurance Company
c/o The Corporation Company
30600 Telegraph Road, Suite #2345
Bingham Farms, MI 48025-5720

United States of America
Deborah R. Gilg, U.S. Attorney
United States Attorney's Office
487 Federal Building
100 Centennial Mall North
Lincoln, NE 68508

United States of America
Eric Holder, Attorney General
U.S. Department of Justice
950 Pennsylvania Ave, NW
Washington, D.C. 20530